4273.  SPRINGFIELD METALLIC.CASKET COMPANY

*v.* DUNN *et al.*

The verdict in behalf of the defendants was authorized by the evidence, and there was no error in overruling the plaintiff's motion for a new trial.

DECIDED OCTOBER 9, 1912.  REHEARING DENIED DECEMBER 21, 1912.

Appeal; from Fulton superior court—Judge Ellis.  August 12, 1912.

*Joseph D. Green, Dorsey, Brewster, Howell & Heyman,* for plaintiff.

*J. E. & L. F. McClelland, M. Herzberg,* for defendants.

POTTLE, J.  The plaintiff entered into a contract with the defendants, under the terms of which certain advertising was to be run in eight issues of a publication known as "The Furniture & Coffin Review," beginning with the number of April, 1909, and ending with the number of November, 1909.  The advertisements were published in five issues in 1909, but, by reason of an injunction against the publishing of the paper, the defendants were prevented from completing the publication according to contract.  On February 16, 1910, the defendants, in a letter to the plaintiff, expressed a willingness to complete the contract during 1910, commencing with the February number and ending with and including the August issue.  The plaintiff replied, assenting to this proposition, and enclosed copy to be run in the March issue of the paper.  It appears, from the evidence, that the advertisements were run in the issue of March, 1910, and that the remainder of the advertisements were published in issues of the paper appearing after August, 1910.  It seems, from the evidence, that the paper in which the advertisements were published had two names, to wit, "The Southern Undertaker" and "The Furniture & Coffin Review," both names being printed on the paper; and one of the defendants testified that "The Southern Undertaker" was the paper in which they contracted to publish the advertisements.  He testified also that the advertisements were not run regularly in 1910, because the plaintiff did not furnish copy as called for.  In October, 1910, the plaintiff wrote to the defendants, stating that if the plaintiff did not hear from them by return mail, proceedings would be begun against them "looking toward the completion of the contract."  The suit is for money had and received, to recover a portion of the contract price which had been paid in advance, upon the theory that the defendants had no right, under the contract, to publish the advertisements after August, 1910.  The jury found for the defendants.  The plaintiff excepts to the refusal of a new trial.

Generally, time is not of the essence of a contract, but it may become so either by express stipulation or by reasonable con-

struction. Civil Code (1910), § 4268 (8). As a general rule, it would seem that where a contract is made for the publication of an advertisement in specified issues of a newspaper, a reasonable construction of the contract' would make time of the essence. It often happens that an advertisement which one might desire to be run in a certain issue of a newspaper would be wholly worthless if run at a later date. According to the evidence, however, in the present case, even conceding that time was of the essence of both the original and the amended contract, the plaintiff, as late as October 16, 1910, in effect wrote to the defendants, demanding that the contract be completed. In the letter of that date there was nothing said about a recovery of any portion of the contract price, but, on the contrary, the plaintiff distinctly stated that unless it had a reply by return mail, it would at once bring proceedings to compel the defendants to complete the contract. After the receipt of this letter the defendants were certainly authorized to go forward and complete the contract, and the letter amounted to a waiver of the stipulation in the original contract, with reference to the time within which the advertisements were to be run. In addition to this, testimony in behalf of the defendants shows that the reason for not running the advertisements regularly was that the plaintiff did not furnish copy as called for. The verdict in behalf of the defendants was authorized by the evidence, and there was no error in overruling the plaintiff's motion for new trial.

*Judgment affirmed.*